# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 24, 2024

| | |
|---|---|
| * * * * * * * * * * * * * * *  | |
| JENELYN SAGALA, as mother and, * | |
| natural guardian of J.S., and MICHAEL * | |
| SAGALA, as father and natural guardian * | |
| of J.S., * | No. 18-1459V |
| * | |
| * | Special Master Sanders |
| Petitioner, * | |
| * | |
| v. * | |
| * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * * | |

*Jeffrey S. Pop,* Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioners;
*Darryl R. Wishard*, United States Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On September 21, 2018, Jenelyn Sagala and Michael Sagala ("Petitioners") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. §§ 300aa-10 to -34 (2018)[2] (the "Vaccine Act" or "Program"). Petitioners alleged that the influenza ("flu" or "FluMist") vaccine their child, J.S., received on September 29, 2015, caused him to suffer

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

from cerebellar ataxia. Pet. at 1, ECF No. 1. On June 29, 2023, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on July 28, 2023. (ECF No. 66).

On December 28, 2023, Petitioners filed a motion for attorneys' fees and costs. Pet'r's Mot. for Final Attorneys' Fees and Costs [hereinafter "Pet'r's Mot. for AFC"], ECF No. 72. Petitioners request total attorneys' fees and costs in the amount of $79,236.46, representing $48,862.30 in attorneys' fees, and $30,374.16 in attorneys' costs. Pet'r's Mot. for AFC at 7-9. Pursuant to General Order No. 9, Petitioners have indicated that they have not personally incurred any costs in pursuit of their petition. Pet'r's Mot. for AFC Exhibit (Ex.) 5 at 1. Respondent responded to the motion on January 1, 2024, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2, ECF No. 73. Petitioners did not file a reply. This matter is now ripe for consideration.

## I.     Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a Petitioners succeeds on the merits of their or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, Petitioners need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because Petitioners were awarded compensation pursuant to a stipulation, they are entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A.      Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

Petitioners requests the following hourly rates for the work of their counsel at Jeffrey S. Pop & Associates: for Mr. Jeffrey Pop, $420.00 per hour for work performed from 2016-2018, $453.00 per hour for work performed in 2019, $470.00 per hour for work performed from 2020-2021, and $520.00 per hour for work performed from 2022-2023; and for Ms. Kristina Grigorian, $250.00 per hour for work performed from 2016-2018, $292.00 per hour for work performed in 2019, $325.00 per hour for work performed from 2020-2021, and $410.00 per hour for work performed from 2022-2023. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein.

### B.      Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)). It is well-established that billing for administrative or clerical tasks is not permitted in the Vaccine Program. *See e.g.*, *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); *see also Isom v. Sec'y of Health & Human Servs.*, No. 94-770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with Respondent that tasks such as filing and photocopying are subsumed under overhead expenses); *Walters v. Sec'y of Health & Human Servs.*, No. 15-1380V, 2022 WL 1077311, at *5 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (failing to award fees for the review of CM/ECF notifications and the organization of the file); *McCulloch*, 2015 WL 5634323, at *26 (noting that clerical and secretarial tasks should not be billed at all, regardless of who performs them).

Upon review, the undersigned finds the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, the undersigned does not find any of the billing entries to be unreasonable. Accordingly, Petitioners are entitled to final attorneys' fees in the amount of $48,862.30.

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

### C. Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request a total of $30,374.16 in attorneys' costs. This amount is comprised of expert fees for work performed by Dr. Lawrence Steinman totaling $24,025.00, as well as advanced costs for acquisition of medical records, postage, the Court's filing fee, Dr. Steinman's retainer fee, and expert fees for work performed by Dr. Paul M. Lantos. Pet'r's Mot. for AFC Exs. 2-4.

Dr. Lantos submitted one expert report in this case. Ex. 54. He requests compensation at an hourly rate of $500.00 for 5 hours of work totaling $2,500.00. Pet'r's Mot. for AFC Ex. 4 at 1. Dr. Lantos is a pediatric infectious disease specialist at Duke University, with research expertise in epidemiology, disease mapping, and geographic modeling. Pet'r's Mot. for AFC at 8. He received his medical degree at the University of Connecticut School of Medicine in Farmington, Connecticut in 2000, and a Master of Science degree in geographic information systems at Johns Hopkins University in Baltimore, Maryland in 2016. Ex. 55 at 1. He completed his residency in internal medicine and pediatrics in 2004, and research and clinical fellowships in pediatric infectious diseases in 2007. *Id*. He has held various positions at Duke University Medical Center and Duke University School of Medicine, and since 2018, he has been an Associate Professor of Internal Medicine, Pediatrics, and Community and Family Medicine. Ex. 55 at 2; Pet'r's Mot. for AFC at 8.

A search of prior cases reveals that this is Dr. Lantos' first time submitting an expert report in the Vaccine Program. I have previously found $500.00 to be a reasonable hourly rate for an expert with limited experience in the Program. *See Reese v. Sec'y of Health & Human Servs.*, No. 20-968V, 2023 WL 7220778, at *7 (Fed. Cl. Spec. Mstr. Sept. 28, 2023) (awarding Dr. Breall $500.00 per hour for work in his first case in the Vaccine Program); *see also A.S. v. Sec'y of Health & Human Servs.*, No. 15-520V, 2023 WL 5666163, at *5 (Fed. Cl. Spec. Mstr. July 28, 2023) (awarding Dr. Gropman $500.00 per hour for work in her second case in the Vaccine Program). I find that Dr. Lantos' professional qualifications justify an hourly rate of $500.00.

Petitioner has provided adequate documentation of all these expenses, and they appear reasonable for the work performed in this case. Accordingly, Petitioners are entitled to final attorneys' fees in the amount of $30,374.16.

### II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), the undersigned has reviewed the billing records and costs in this case and finds that Petitioners' request for fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioners and their counsel as follows:

| Attorneys' Fees Requested | $48,862.30 |
|---|---|
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$48,862.30** |
|  |  |
| Attorneys' Costs Requested | $30,374.16 |

| | |
|---|---|
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$30,374.16** |
| | |
| **Total Attorneys' Fees and Costs** | **$79,236.46** |

**Accordingly, I award a lump sum in the amount of $79,236.46, representing reimbursement for Petitioners' attorneys' fees and costs, in the form of a check payable to Petitioners and their counsel, Mr. Jeffrey Pop.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.